IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **HEARTLAND BARGE MANAGEMENT, L.L.C.,** | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.09-00585-KD-B |
| **DIXIE PELLETS, L.L.C.,** *et al.*, | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Harbert DP, LLC's Motion to Dismiss and Brief in Support(Doc. 32). The motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based upon a careful review of Defendant's motion (Doc. 32), Plaintiff's response in opposition (Doc. 41) and Defendant's reply (Doc. 42), the undersigned **RECOMMENDS** that Defendant Harbert DP, LLC's motion be granted, and that Plaintiff be granted leave to amend its complaint.

## I.  Background

Plaintiff Heartland Barge Management, L.L.C. (hereinafter "Heartland") filed the instant action on September 8, 2009 against Defendants Dixie Pellets, LLC, in personam, Harbert Power, LLC, in personam, Harbert Management Corporation, in personam, and the cargoes of wood pellets onboard barges Big 728B, MTC 661, RF 925B, Big 9721B, Big 9904B, BKM 3502B, BKM 3507B, CM 011B, CM 018B, CM 112, MDL 401B, MTC 707, MTC 710, TAF 917B, BAI 103B, and TRL 423B5,

1

in rem. (Doc. 1). In the original complaint, Plaintiff asserted breach of contract claims against Defendants Dixie Pellets, LLC, Harbert Power, LLC, and Harbert Management Corporation. Specifically, Plaintiff alleged that these Defendants entered into a maritime contract with Heartland wherein Heartland agreed to charter nine barges to Dixie for the transportation of wood pellets. According to Plaintiff, Defendants breached the charter hire agreements when they failed to make the agreed upon payments for the charters.

Defendant Dixie Pellets, LLC filed a Notice of Bankruptcy and Suggestion of Stay on September 15, 2009. (Doc. 10). As a result, an Order was issued on September 28, 2009 (Doc. 19) staying this action as to Dixie Pellets, LLC pursuant to 11 U.S.C. § 362(a). Subsequent thereto, Heartland filed a Notice of Dismissal (Doc. 24) and an Amended Complaint. (Doc. 25). In the Notice of Dismissal, Heartland dismissed without prejudice its claims against Defendants Harbert Power, LLC, and Harbert Management Corporation. In the amended complaint, Heartland asserts claims against Dixie Pellets, LLC and Harbert DP, LLC, and alleges that "Upon information and belief, Harbert capitalizes, finances, owns, controls and/or manages Dixie and its operations to the extent that [it] is the alter-ego of Dixie." Heartland contends that Dixie Pellets and Harbert DP entered into a maritime contract with Heartland wherein Heartland agreed to charter nine barges to enable Dixie to transport cargoes of wood pellets for agreed charter hire rates and that Dixie Pellets breached the contract by failing to pay the charter hire as required under its terms. (Doc. 25).

2

As noted supra, Harbert DP seeks the dismissal of Plaintiff's Complaint. Harbert DP contends that Plaintiff cannot state a claim against it because it was not a party or signatory to the contract between Plaintiff and Dixie. Harbert DP further contends that Plaintiff's "bare and unadorned allegation" that Harbert DP is the alter-ego of Dixie Pellets is not sufficient to state a claim. According to Harbert DP, an alter ego claim is a variant of fraud; thus, under Fed. R.Civ.P. 9(b), the heighten pleading standard applies, and Plaintiff is required to state with particularity the circumstances constituting fraud[1]. Harbert DP asserts that Plaintiff's conclusory allegations do not conform to the heightened pleading standard required for fraud claims; thus, Heartland has failed to state a claim against Harbert DP. Harbert DP requests that Plaintiff's claims against it be dismissed pursuant to Fed.R. Civ. P. 12(b)(6) or, alternatively, that the claims be dismissed subject to Plaintiff re-pleading its alter ego claim. (Doc. 32).

In response to Harbert's motion, Plaintiff argues that Harbert is on plain notice of Plaintiff's claim as the amended complaint alleges that Harbert DP capitalized, financed, controlled and/or managed Dixie Pellets and its operations such that it is the alter ego of Dixie Pellets. Plaintiff also argues that no heighten pleading standards apply to alter ego claims, that counsel for the parties have had discussions regarding the basis for Plaintiff's

---

[1]Defendant has not cited any authority in support of this assertion that "alter-ego" claims are subject to the heighten pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

3

claims[2], and that Plaintiff has not yet had an opportunity to conduct discovery on this issue. (Doc. 41).

**II.   Discussion**

   **A. Standard of Review**

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007); GSW, Inc. v. Long County, Ga., 999 F. 2d 1508, 1510 (11th Cir. 1993). In determining the merits of the motion, the court accepts the non-moving party's allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. --, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in the plaintiff's favor, "but [is] not required to draw plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248

---

[2]According to Plaintiff, it agreed to dismiss Harbert Power, LLC and Harbert Management without prejudice, pending the outcome of discovery on the alter-ego claim.

(11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of a plaintiff's allegations. Id.; see also Iqbal, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

**B. Analysis**

Defendant argues that it was not a party to the contract between Plaintiff and Dixie Pellets; thus, Plaintiff cannot state a claim against it. However, as noted supra, Plaintiff alleges that Harbert DP is the alter-ego of Dixie Pellets. It is a well-established concept that "a corporation is a distinct and separate

5

entity from the individuals who compose it as stockholders or who manage it as directors or officers." Nimbus Techs., Inc. v. Sunndata Prods., Inc., 484 F. 3d 1305 (11th Cir. 2007)(quoting Cohen v. Williams, 294 Ala. 417, 318 So. 2d 279, 281 (1975)); *see also* Perry v. Household Retail Servs., Inc., 953 F. Supp. 1378, 1381 (M.D. Ala. 1996)("the concept that a corporation is a legal entity existing separate and apart from its shareholders is well-settled.") The mere fact that one corporation owns all the stock of another corporation does not destroy the separate corporate identities. Messick v. Moring, 514 So.2d 892, 895 (Ala. 1987). Under Alabama law, "[p]iercing the corporate veil is not a power that is lightly exercised." First Health, Inc. v. Blanton, 585 So.2d 1331, 1334 (Ala. 1991) At times, a court may disregard the corporate entity and impose liability upon the controlling party.

To establish that one party is the alter-ego of another party, or to pierce the corporate veil, a plaintiff must show the following:

(1) The dominant party must have complete control and domination of the subservient corporation's finances, policy and business practices so that at the time of the attacked transaction the subservient corporation had no separate mind, will or existence of its own;

(2) The control must have been misused by the dominant party. Although fraud or the violation of a statutory or other positive legal duty is misuse of control, when it is necessary to prevent injustice or inequitable circumstances, misuses of control will be presumed; and

(3) The misuse of this control must proximately cause the harm or unjust loss complained of.

6

Blanton, 585 So.2d at 1334-35 (quoting Messick, 514 So.2d at 894-95); *see also* Perry, 953 F. Supp. at 1381(citing Blanton and Messick).

As noted supra, in Plaintiff's Amended Complaint, Plaintiff alleges as follows: "Upon information and belief, Harbert capitalizes, finances, owns, controls and/or manages Dixie and its operations to the extent that [it] is the alter-ego of Dixie." The undersigned finds that these allegations are merely conclusory and are not sufficient to state a claim for relief against Harbert under the contract. These legal conclusions couched as factual allegations do not offer well-pled facts asserting that Harbert DP used the corporate form for fraudulent or improper purposes. *See* Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004)("[c]onclusory allegations, unwarranted deductions of fact[,] or legal conclusions masquerading as facts will not prevent dismissal [under rule 12(b)(6)]"); *see also* North American Clearing, Inc. v. Brokerage Computer Systems, Inc., 2009 U.S. Dist. LEXIS 48925 (M.D. Fla. May 27, 2009) (dismissing alter ego liability claim where plaintiff alleged on information and belief that there was evidence of commingling of funds and unity of ownership); Innotex Precision Limited v. Horei Image Products, Inc., 2009 U.S. Dist LEXIS 117992 (N.D. Ga. Dec. 17, 2009)(court held that allegations that individual defendants disregarded corporate entities and made them mere instrumentalities for transacting their own affairs,

7

undercapitalized them and commingled their personal assets with those of the corporation were "threadbare recitations" which were not supported by factual allegations; thus, under <u>Iqbal</u>, the assertions [were] not entitled to the assumption of truth. *See* <u>Iqbal</u>, 129 S. Ct. at 1950"). Accordingly, the undersigned finds that the Plaintiff's amended complaint does not contain factual allegations which could plausibly establish alter ego liability; thus, Plaintiff's claims against Harbert DP are due to be dismissed. In its response, however, Plaintiff requests permission to amend its complaint in order to cure any defects. Having reviewed the parties' submissions, the undersigned finds Plaintiff should be granted leave to amend its complaint[3]. It is therefore recommended that Defendant's Motion to Dismiss be granted, and that Plaintiff be granted leave to amend its complaint.

## III. Conclusion

For the reasons discussed herein, the undersigned **RECOMMENDS** that Defendant Harbert's Motion to Dismiss be Granted, and that Plaintiff be granted leave to amend its complaint.

---

[3]The federal rules generally favor allowing amendments. <u>Trico Marine Assets, Inc. v. Bender Shipbuilding & Repair Co., Inc.</u>, 2009 U.S. Dist. LEXIS 41725 (S.D. Ala. May 14, 2009), citing <u>Dussouy v. Gulf Coast Investment Co.</u>, 660 F. 2d 594, 597 (5th Cir. 1981)(The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."); Fed.R.Civ. P. Rule 15(a)(2)(the "court should freely give leave when justice so requires.")

8

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this the **2nd** day of **February, 2010.**

                                          **/s/ Sonja F. Bivins**
                                  **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within **fourteen (14)** days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[4]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

10

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within **fourteen (14)** days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     **DONE** this the **2nd** day of **February, 2010.**

                                          **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**